Magistrate Judge Mary Alice Theiler

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>JINGHANG LI,<br>Defendant. | CASE NO. MJ26-703<br><br>COMPLAINT for VIOLATION<br><br>Title 18, U.S.C. Section 1956(h) |

BEFORE, the Honorable Mary Alice Theiler, United States Magistrate Judge, U. S. Courthouse, Seattle, Washington.

The undersigned complainant being duly sworn states:

**<u>COUNT 1</u>**

**(Conspiracy to Commit Money Laundering)**

**A. The Conspiracy**

1. Beginning no later than October 2024, and continuing through at least March 2026, in King and Snohomish Counties, within the Western District of



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Washington, and elsewhere, JINGHANG LI did knowingly combine, conspire, and agree with other persons known and unknown to commit offenses against the United States in violation of Title 18, United States Code, Sections 1956 and 1957, that is:

a. to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, mail fraud, wire fraud, and conspiracy to commit mail fraud and wire fraud, in violation of Title 18, United States Code, Sections 1341, 1343, and 1349, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, all in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

b. to knowingly engage and attempt to engage, in monetary transactions by, through or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is, United States funds, such property having been derived from a specified unlawful activity, that is, mail fraud, wire fraud, and conspiracy to commit mail fraud and wire fraud, in violation of Title 18, United States Code, Sections 1341, 1343 and 1349, all in violation of Title 18, United States Code, Section 1957.

**B. Manner and Means**

2. The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

a. Defendant JINGHANG LI's co-conspirators, and others known and unknown, used stolen and false identities to form, and cause to be formed, the following 21 Shell Companies, all Washington State business entities, which they used and intended to use, at least in part, to conceal and disguise the nature, location, source,


UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

ownership, and control of fraud proceeds, and to engage in monetary transactions in criminally derived property with a value greater than $10,000:

i. 24 Digital Auto Trader Inc;
ii. Alfa Kingdom Trader Inc;
iii. All Season 24 Trading Inc;
iv. Best Trader Trading Inc;
v. Byte Room Inc;
vi. Chron Vale Inc;
vii. Circle Point Trading Inc;
viii. Crossroad JC Trading Inc;
ix. Fast&Speed Trader Inc;
x. Golden Tech Trading Inc;
xi. JCX Trader Inc;
xii. LW Group Trading Inc;
xiii. Network24 Trader Inc;
xiv. NewWorld Trader Inc;
xv. Rain&Rain Trading Inc;
xvi. Smart Way Trading Inc;
xvii. Time Nest Inc;
xviii. Topliu Trading Inc;
xix. Urban Time Inc;
xx. Vintage Visions USA Inc; and
xxi. WL National Trader Inc.

b. Defendant's co-conspirators, and others known and unknown, used stolen and false identities to open numerous accounts at financial institutions in the names of the Shell Companies, with the design of using the accounts, at least in part, to conceal and disguise the nature, location, source, ownership, and control of fraud



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

proceeds, and to engage in monetary transactions in criminally derived property with a value greater than $10,000. The co-conspirators opened the accounts at branches located in the Western District of Washington and elsewhere.

c. Defendant's co-conspirators, and others known and unknown, used stolen and false identities to rent commercial mailboxes located in the Western District of Washington and elsewhere, to facilitate financial transactions involving fraud proceeds, all with the design, at least in part, to conceal and disguise the nature, location, source, ownership, and control of fraud proceeds, and to engage in monetary transactions in criminally derived property with a value greater than $10,000.

d. Others defrauded victims, including by misrepresenting that they, and the Shell Companies, were tech support, government investigators, and bank agents that would assist the victims with compromised data and financial accounts, and induced victims to send monetary instruments to the Shell Companies

e. Defendant's co-conspirators, and others known and unknown, received monetary instruments, totaling more than $7.4 million in fraud proceeds, sent from victims of mail fraud and wire fraud, in commercial mailboxes the co-conspirators rented using stolen and false identities. The co-conspirators knew these funds were the proceeds of criminal activity.

f. Defendant's co-conspirators, and others known and unknown, deposited monetary instruments, which represented proceeds of mail fraud and wire fraud, in financial accounts, held in the names of the Shell Companies, which co-conspirators opened using stolen and false identities, all with the design of using the accounts, at least in part, to conceal and disguise the nature, location, source, ownership, and control of fraud proceeds, and to engage in monetary transactions in criminally-derived property with a value greater than $10,000. The co-conspirators often conducted the deposits using automated teller machines ("ATMs") located in the Western District of Washington and elsewhere.



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

g. Defendant's co-conspirators, and others known and unknown, rapidly dispersed fraud proceeds deposited in accounts held in the names of the Shell Companies by initiating domestic and international wire transfers, as well as automated clearinghouse ("ACH") payments, to accounts at financial institutions in the United States and in foreign jurisdictions including, without limitation, Hong Kong and China, held in the names of other business entities controlled by others, known and unknown, all with the design, at least in part, to conceal and disguise the nature, location, source, ownership, and control of the wire-fraud proceeds, and to engage in monetary transactions in criminally derived property with a value greater than $10,000. The co-conspirators often initiated the wire transfers at branches located in the Western District of Washington and elsewhere.

h. Defendant's co-conspirators, and others known and unknown, further depleted accounts held in the names of the Shell Companies, which had received deposits from victims, by conducting point of sale ("POS") transactions to purchase money orders from various retailers and United States Postal Service ("USPS") offices located in the Western District of Washington and elsewhere, and by conducting cash withdrawals at ATMs located in the Western District of Washington and elsewhere, all with the design, at least in part, to conceal and disguise the nature, location, source, ownership, and control of the wire-fraud proceeds.

i. Defendant's co-conspirators, and others known and unknown, concealed and disguised the nature of the foregoing transactions by providing financial institutions with fictitious descriptions of transactions and the natures of the business conducted by the Shell Companies, and by providing fraudulent social security cards, drivers' licenses, passports, and other identification cards containing stolen and false information.



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

j. Defendant's co-conspirators, and others known and unknown, deposited cashier's checks and other monetary instruments representing more than $10,000 in fraud proceeds in accounts they controlled.

k. Defendant's co-conspirators, and others known and unknown, transferred funds totaling more than $10,000 in fraud proceeds from accounts they controlled to other accounts controlled by other co-conspirators, known and unknown.

l. Defendant's co-conspirators, and others known and unknown, conducted, caused to be conducted, and aided and abetted the conducting of the following financial and monetary transactions on or about the following dates, among others, which are non-exhaustive examples of co-conspirators' money-laundering activities:

| **Date** | **Amount** | **Description of Transaction** |
|---|---|---|
| 10/07/2024 | $72,000.00 | Deposit of cashier's check, by Hung Chieh Kuo, from victim in Bank of America ("BofA") account -1644, held in the name of Rain&Rain Trading Inc. |
| 10/15/2024 | $68,400.00 | Outgoing wire transfer, by Hung Chieh Kuo, from BofA account -1644, held in the name of Rain&Rain Trading Inc, to Citibank account -8400, held in the name of Yilushun Co Limited. |
| 10/16/2024 | $2,910.20 | POS transaction, by Hung Chieh Kuo, at USPS to purchase money orders with funds from BofA account -1644, held in the name of Rain&Rain Trading Inc. |
| 10/16/2024 | $640.00 | ATM cash withdrawal, by Hung Chieh Kuo, from BofA account -1644, held in the name of Rain&Rain Trading Inc. |
| 03/24/2026 | $55,000.00 | ATM deposit, by You Wei Liew, of cashier's check from victim in Wells Fargo Bank ("Wells Fargo") account -7679, held in the name of Urban Time Inc |
| 03/26/2026 | $52.660.00 | Outgoing wire transfer, by You Wei Liew, from Wells Fargo account -7679, held in the name of Urban Time Inc, to Citibank account held in the name of Beiyue Limited. |

m. Defendant JINGHANG LI provided instructions on laundering victim funds to his co-conspirators. LI instructed his co-conspirators to (1) open commercial mailboxes using stolen identifications, (2) open bank accounts in the names



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

of Shell Companies, (3) pick up cashier's checks from commercial mailboxes and deposit them into the Shell Companies' bank accounts, and (4) transfer funds from those bank accounts to other accounts.

n. LI supplied the fraudulent identifications that his co-conspirators used to open commercial mailboxes and bank accounts.

All in violation of Title 18, United States Code, Section 1956(h).

And the complainant states that this Complaint is based on the following information:

I, Jose A. Alvarez, being first duly sworn on oath, depose and say:

## AGENT BACKGROUND

1. I am a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("HSI"), and have been since August 2024. I am currently assigned to the HSI – Border Enforcement Security Task Force in Seattle, Washington. In this capacity, I investigate financial crimes and transnational criminal organizations in addition to investigating other federal violations including, but not limited to, money laundering, wire fraud, commercial fraud, document fraud, intellectual property crimes, and organized criminal activity.

2. My formal credentials include completing the Criminal Investigator Training Program at the Federal Law Enforcement Training Center, and the Homeland Security Investigations Special Agent Training. I have received training and gained experience in investigations involving financial transactions, fraud proceeds, shell companies, bank accounts, commercial mailboxes, money transfers, and the laundering of criminal proceeds.

3. Through this experience, I have developed specialized knowledge of internet-based crimes and money-laundering organizations. I am familiar with the tactics that such organizations use to integrate illicit proceeds into the legitimate financial system and evade law enforcement tracing, including transaction layering, shell



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

companies, bulk currency concealment, countersurveillance, and the use of electronic communications and numerical code words.

4. The facts set forth in this Affidavit are based on my own personal knowledge; knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers; review of documents and records related to this investigation; communications with others who have personal knowledge of the events and circumstances described herein; and information gained through my training and experience.

## THE INVESTIGATION

***Investigation Overview***

5. In June 2025, HSI Seattle received information from Boeing Employee's Credit Union ("BECU") indicating that a suspected money-laundering organization was receiving fraud proceeds and transferring those funds to China. An analysis of BECU records showed that several Asian males used fraudulent identification cards bearing the suspects' photographs and other individuals' identities to open corporate bank accounts in the names of numerous purported import and export companies. Washington Secretary of State ("SOS") records and a victim interview showed that the purported import and export companies were likely incorporated using stolen identities; investigators interviewed an individual who was listed as the registered agent for a purported import and export company and this individual confirmed that they were unaware that they were listed as the registered agent for that company and that they did not authorize it. The bank accounts listed private or post office mailboxes as mailing addresses. Records for those mailboxes showed that the mailboxes were opened using fraudulent identification cards bearing the suspects' photographs and stolen identities. Bank surveillance footage showed that shortly after opening the bank accounts, the suspects deposited cashier's checks into those accounts via ATMs and then wired the funds to China-based accounts and/or U.S.-based accounts held by Chinese companies.



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

6. The cashier's checks were traced to fraud victims who reported being targeted by computer- or phone-based scams. HSI and local police records show that victims across the United States, most of whom are elderly, reported being induced by fraudulent computer pop-up messages and/or unsolicited calls and texts purporting to be from Microsoft, banks, or the government, and claiming that the victims' data had been compromised. After the victims called the number that the messages, calls, and texts provided, they were transferred to a purported government or bank "investigator" who falsely claimed that the victims' financial accounts were compromised and directed the victims to move their funds into "government-controlled undercover accounts" for protection. The victims were instructed to obtain cashier's checks made payable to the purported import and export companies noted above and to mail the checks to the private or post office mailboxes that were opened using fraudulent identifications.

7. HSI identified the suspects by running bank surveillance footage through the Department of Homeland Security's facial recognition software, which returned potential facial recognition matches to HUNG CHIEH KUO, TUNG WEI YEH, HSIN CHIEN, YOU WEI LIEW, and CHENGPENG ZHANG, hereinafter, the CO-CONSPIRATORS. HSI then corroborated those potential matches by reviewing bank surveillance footage, Department of Licensing and passport records, commercial mailbox records, phone records, open-source information, social media accounts, and law-enforcement databases.

8. By reviewing bank surveillance footage and the Washington SOS records, HSI identified 21 Washington-based corporate entities whose bank accounts the CO-CONSPIRATORS used to receive and transfer victim funds. The Washington SOS Corporations and Charities Division public website shows that the 21 shell companies all listed the same registering-agent email address, sherry[@]szcpas.com. Open-source records searches for sherry[@]szcpas.com link the email to SZ & Associates CPA INC, located at 14726 Ramona Ave #424, Chino, CA 91710. The company's website



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

(www.szcpas.com) advertises services including "Entity Setup: Handling all aspects of business formation, including filing incorporation documents, EIN applications, and S-Corp elections."

9. Bank records show that from no later than April 2024 through at least March 2026, the CO-CONSPIRATORS opened at least 44 bank accounts at U.S. financial institutions using personally identifiable information belonging to other, real individuals. An analysis of the funds deposited into these account shows that they received approximately $7.4 million from 77 fraud victims.

10. Bank records show that as early as October 7, 2024, one of the CO-CONSPIRATORS deposited a cashier's check in the amount of $72,000 from a fraud victim into a bank account held in the name of one of the 21 shell entities. The majority of the cashier's checks deposited into shell entities and subsequent wires to China-based accounts or U.S.-based accounts held by Chinese companies, were in amounts larger than $10,000.

11. The Grand Jury returned an indictment against the CO-CONSPIRATORS in case number CR26-123-RAJ, charging them with Conspiracy to Commit Money Laundering in violation of 18 U.S.C. § 1956(h), Concealment Money Laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i), and Spending Money Laundering in violation of 18 U.S.C. § 1957.

***Kam Lui Jeff Lam***

12. Three of the CO-CONSPIRATORS informed authorities that KAM LUI JEFF LAM was a member of the conspiracy to commit money laundering, who at times provided instructions on laundering fraud proceeds.

13. Washington SOS and bank records show that LAM is associated with one shell company, FUTURE CHAMPION INVESTMENTS INC, whose registering-agent email address is sherry[@]szcpas.com. HSI and local police records, and bank records show that three bank accounts held in the name of FUTURE INVESTMENTS INC


UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

received fraud proceeds. Bank records show that the telephone number associated with these three bank accounts is 206-953-0336. AT&T records for this number show that the subscriber is "Kam Lam," the user is "Jeff Lam," and the associated email address is jeff[@]carpapapa.com.

14. During HSI's surveillance of the CO-CONSPIRATORS, HSI agents observed two of the CO-CONSPIRATORS parked at LAM's Accurint address of record and one CO-CONSPIRATOR parked at Carpapapa Auto Group, in Seattle Washington. According to the Washington SOS website, LAM is the Chief Executive Officer of Carpapapa Auto Group.

15. AT&T records show that in addition to 206-953-0336, LAM is the subscriber for the number (206) 900-0006. The phone numbers (206) 953-0336 and (206) 900-0006 had numerous direct calls with the phone numbers associated with several of the CO-CONSPIRATORS, according to T-Mobile and AT&T subscriber and call records.

***Three CO-CONSPIRATORS provide information on "XXX"***

16. Three CO-CONSPIRATORS who spoke with authorities stated that they received instructions on laundering victim funds from a higher-level organizer of the money-laundering scheme, who goes by the alias, "XXX." These CO-CONSPIRATORS reported that XXX is an Asian male who they communicated with via the Telegram encrypted messaging application and prepaid or frequently changed cellphones.

17. According to these CO-CONSPIRATORS, XXX directed them to (1) open commercial mailboxes using stolen identifications, (2) open bank accounts in the names of shell entities, (3) pick up cashier's checks from commercial mailboxes and deposit them into the shell entities' bank accounts, and (4) transfer funds from those bank accounts to other accounts. These CO-CONSPIRATORS stated that XXX supplied the fraudulent identifications that they used to open commercial mailboxes and bank accounts.



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

***XXX calls two CO-CONSPIRATORS and LAM from immigration detention***

18. The three CO-CONSPIRATORS who spoke with authorities reported learning from LAM that Immigration and Customs Enforcement ("ICE") had arrested XXX in California around June 2026. The CO-CONSPIRATORS reported that the Telegram encrypted messaging communications from XXX ceased around that time.

19. One of these CO-CONSPIRATORS reported receiving a call from XXX in late August 2026 and that XXX informed him during the call that XXX was detained by immigration authorities.

20. According to this CO-CONSPIRATOR, XXX stated that he was calling using another detainee's calling account.

21. I know from reviewing ICE facility policies that ICE facilities provide detainees with a telephone calling account during the booking process: detainees are assigned a booking number that is identical to their Alien Registration Number, also known as the A-Number, and a unique personal identification number ("PIN") that they may use to place outbound calls from the detention facilities. The detainees can pay for those calls with funds in their commissary accounts.

22. I know from investigating cases involving detainees at ICE detention facilities that the Department of Homeland Security ("DHS") manages a database that contains information on all calls that detainees place or receive, including the booking number and PIN that a detainee used to place the calls, the outgoing and incoming call numbers, and the call recordings.

23. Calls that detainees at ICE detention facilities place are recorded, stored in the database, and routinely reviewed by law enforcement or intelligence software. Before an outgoing call is connected to the call recipient, an automated voice message plays, explicitly stating to both the detainee and the call recipient that the call is from a detention facility and that it is subject to monitoring and recording.



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

24. Investigators ran a search on this database to determine whether any detainee placed a call to or received a call from the telephone numbers belonging to the CO-CONSPIRATORS or to LAM. This search showed that (1) from a detainee calling account assigned to JINGHANG LI, a total of 126 outgoing calls were made to LAM, (2) from a detainee calling account assigned to Jaime Wilfredo Araniva Benavidez, three calls were made to the CO-CONSPIRATOR who reported having received a call from XXX from a detention facility, and two calls were made to LAM, and (3) from a detainee calling account assigned to Juan Gaspar Zacarias, two calls were made to a CO-CONSPIRATOR who has not spoken to authorities. On all these calls, the caller and call recipient spoke in Mandarin.

25. From three other detainee calling accounts, including the account belonging to Oscar Banuelos Carreto, four calls were made to LAM and two calls were made to the CO-CONSPIRATOR who has not spoken to authorities. But those calls were not answered.

26. ICE records showed that LI, Benavidez, Zacarias, Carreto, and the other two detainees were detained at the Adelanto ICE Facility in San Bernardino County, California, at the time that those calls were placed. Subscriber records from T-Mobile and AT&T confirmed that the subscribers of the telephone numbers that received calls from these detainee calling accounts were the two CO-CONSPIRATORSS and LAM.

27. From searching the DHS database, your affiant located an outgoing call from Benavidez's calling account to the CO-CONSPIRATOR who had told authorities that XXX had called him from immigration detention using another detainee's calling account. Your affiant played a recording of this call for this CO-CONSPIRATOR, who confirmed that the recording was of his and XXX's phone conversation.

28. An HSI special agent certified in the Chinese Mandarin language by the HSI Foreign Language Program, reviewed this call recording, and confirmed that XXX stated in the recording as follows:


UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

a. XXX was in immigration custody and expected to be released soon.

b. XXX was using another detainee's calling account to place the call.

c. XXX stated that several passports have been "prepared."

d. XXX instructed the CO-CONSPIRATOR to complete the "work" involving "the remaining three accounts" and to use the "fourth passport" to open an account in Seattle.

e. XXX provided additional passports to LAM.

f. XXX told the CO-CONSPIRATOR to wait for XXX to be released from custody.

29. This CO-CONSPIRATOR confirmed that the conversation about passports and accounts pertained to laundering illegal proceeds using bank accounts opened using fake passports.

30. Investigators provided this CO-CONSPIRATOR with a recording of a call from LI's calling account to LAM. This CO-CONSPIRATOR confirmed that the voices on the recording were XXX's and LAM's.

31. Your affiant interviewed Benavidez and Carreto at the Adelanto ICE Facility, and inquired about the calls made using their calling accounts to one CO-CONSPIRATOR and LAM. Benavidez and Carreto provided recorded statements that JINGHANG LI had used their calling accounts to make those calls (they entered their PINs and then handed the phone to LI), and identified LI from a lineup of photographs.

32. The DHS database confirmed that no other detainee calling account at any ICE facility was used to call the CO-CONSPIRATORS or LAM.

33. ICE records show that ICE arrested LI, a citizen and national of China residing in the United States, on June 5, 2026 for immigration violations. LI was detained at the Adelanto ICE Facility and subsequently placed on administrative removal proceedings.



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Based on the above facts, I respectfully submit that there is probable cause to believe that JINGHANG LI did knowingly and combine, conspire, and agree with other persons to commit money laundering in violation of 18 U.S.C. § 1956(h).

JOSE A. ALVAREZ, Complainant
Special Agent, HSI

Based on the Complaint and Affidavit sworn to before me, and subscribed before me telephonically, the Court hereby finds that there is probable cause to believe that JINGHANG LI committed the offense set forth in the Complaint.

Dated this 10th day of November, 2026.

HON. MARY ALICE THEILER
United States Magistrate Judge



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970